FILED

NOT FOR PUBLICATION

FEB 11 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAREE BUTLER, | No. 08-17551 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00755-LKK-DAD |
| v. | |
| CITY OF SACRAMENTO; MICHELLE PEREZ; CITY OF SACRAMENTO POLICE DEPARTMENT, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 9, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Sharee Butler sued the City of Sacramento, the Sacramento Police

Department, and Sacramento Police Officer Michelle Perez. She alleged violations

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of her Fourth and Fifth Amendment rights under 42 U.S.C. § 1983, and violations under several state-law provisions. The district court dismissed or granted summary judgement in favor of the defendants with respect to each of Butler's claims. Butler appeals only the district court's ruling that Perez is entitled to qualified immunity with respect to Butler's Fourth Amendment claim, and accordingly, none of her other claims are before us. As the facts are known to the parties, we will not repeat them here except to the extent necessary to explain our decision.

I

Perez is entitled to qualified immunity unless (1) the facts, viewed in the light most favorable to Butler, demonstrate a violation of a constitutional right and (2) that right was clearly established at the time of the defendant's misconduct. *Pearson v. Callahan*, 129 S. Ct. 808, 815–16 (2009). This court may address these questions in any order it chooses. *Id.* at 818.

Assuming, without deciding, that Perez violated Butler's Fourth Amendment rights by continuing to detain her after completing the search of her vehicle, this right was not clearly established in 2005, and Perez is therefore entitled to qualified immunity. A government official is immune from liability for discretionary functions, so long as the official's conduct "does not violate clearly established

2

statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "It is not necessary that the alleged acts have been previously held unconstitutional, as long as the unlawfulness [of defendant's actions] was apparent in light of pre-existing law." *Malik v. Brown*, 71 F.3d 724, 727 (9th Cir. 1995).

Butler cites no case directly demonstrating that the asserted right was clearly established in 2005.[1] She contends that in 2005 it *was* clearly established that "a seizure becomes unlawful when it is more intrusive than necessary to accomplish the objectives that justified the seizure in the first place." Be that as it may, the circumstances of Butler's arrest do not demonstrate that *her* detention was unconstitutionally intrusive. To the contrary, it was established that Perez could detain Butler during the search of her car and home. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981) (holding that officers may detain the occupants of a house while executing a search warrant); *see also Maryland v. Wilson*, 519 U.S.

___

[1]Indeed, many of the cases she cites were decided after her 2005 arrest, and therefore cannot possibly demonstrate that Perez's actions violated a clearly established Fourth Amendment right. *See, e.g.*, *Arizona v. Johnson*, 129 S. Ct 781 (2009); *Los Angeles County v. Rettele*, 550 U.S. 609 (2007); *United States v. Mendez*, 476 F.3d 1077 (9th Cir. 2007).

3

408, 414–15 (1997) (holding that officers may detain the occupants of a vehicle while executing a search warrant). Thus, we cannot say that, at the time of Butler's arrest, "the unlawfulness [of Perez's actions] was apparent in light of preexisting law." *Sorrels v. McKee*, 290 F.3d 965, 970 (9th Cir. 2002) (internal quotation marks omitted).

II

Accordingly, the judgment of the district court is

**AFFIRMED.**